**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SABRINA CARTER et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 2:26-cv-04165-MDH** |

**ORDER**

Before the Court is Plaintiff's Motion for Leave to Proceed Using Pseudonyms. (Doc. 2). Plaintiff filed Suggestions in Support. (Doc. 3). Defendants have yet to be served in this case and thus no response to the motion has been filed. However, based upon the nature of the motion, the Court will proceed to adjudicate this motion on the merits. For the reasons stated herein, Plaintiff's Motion for Leave to Proceed Using Pseudonyms is **GRANTED**.

**BACKGROUND**

This case arises from an allegation of harassment, abuse and sexual assault by Defendant Sabrina Carter while Plaintiff was a minor at the Fulton Treatment Center ("FTC"). Plaintiff is a resident of Boone County, Missouri. Defendant Carter was at all times a youth worker at FTC and is sued in her individual capacity. Defendant John or Jane Doe #1 is the individual responsible for implementation of the Prison Rape Elimination Act at FTC and is sued in his or her individual capacity. Defendant John or Jane Doe #2 is the Supervisor of Defendant Carter and is sued in his or her individual capacity.

Plaintiff alleges on or around November 2025, Defendant Carter had come into contact with him at FTC while he was being compelled to reside there. Defendant Carter allegedly approached Plaintiff while he was doing his laundry and knowingly and intentionally made direct contact with Plaintiff's genitals, manually stimulating them and performing oral sex on him. Plaintiff states Defendant Carter continued to perform the same actions on Plaintiff roughly once per week over the course of the next 30 days. Plaintiff asserts that Defendant Carter would also show Plaintiff videos of her own genitals in order to increase his level of arousal while she manually stimulated him. Plaintiff alleges Defendant demanded that Plaintiff not tell anyone what she was doing to him. Plaintiff states he knew that Defendant's actions did not feel right and made him feel uncomfortable, so he reported her conduct to FTC. Plaintiff alleges that although FTC initiated an investigation into Defendant Carter's conduct, it did not inform Plaintiff's mother about what Defendant Carter had done to her son. Plaintiff alleges that the failure of Defendants "John or Jane Doe #1" and "John or Jane Doe #2" to monitor and/or supervise Defendant Carter allowed her to commence the abuse described above and emboldened her to continue it. Plaintiff alleges that these failures have caused him to suffer severe mental and emotional distress.

Plaintiff brings two counts within his Complaint: Count I - 42 U.S.C. § 1983 - Violation of Eighth Amendment against Defendant Carter and Count II - 42 U.S.C. § 1983 - Violation of Eighth Amendment Right against Defendants John/Jane Doe #1 and 2. Plaintiff brings his current motion seeking leave to proceed using pseudonyms in this case.

**STANDARD**

"Federal courts disfavor the use of fictitious names in legal proceedings," because it "runs afoul of the public's First Amendment interest in public proceedings and their common law right

of access thereto." *Doe v. Sutton*, No. 4:23-CV-01312-SEP, 2025 WL 871656, at *3 (E.D. Mo. Mar. 20, 2025) (quoting *Cajune v. Indep. School Dist. 194*, 105 F.4th 1070, 1076 (8th Cir. 2024)). The Eighth Circuit recently joined its sister circuits in holding that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id*. at 1077.

In determining whether a Plaintiff has demonstrated a "need for anonymity" sufficient to "outweigh[ ] countervailing interests in full disclosure," courts consider a "non-exhaustive" list of factors. *Id*. Factors weighing in favor of pseudonymity typically include: (1) whether "the party seeking anonymity [is] challenging government activity"; (2) whether identification "threaten[s] to reveal information of a sensitive and highly personal nature"; (3) whether a party "would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution"; and (4) whether there is a "danger of retaliation." *Id*. Factors weighing against pseudonymity include: (1) whether anonymity poses a "unique threat of fundamental unfairness to the defendant"; (2) whether "the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and (3) whether there exist "alternative mechanisms that could protect the confidentiality of the litigants." *Id*.

## DISCUSSION

Plaintiff argues his Motion for Leave to Proceed Using Pseudonyms should be granted as he was a minor at the time of the alleged sexual abuse.[1] Plaintiff asserts that the personal and sensitive nature of the allegations weighs in favor of protecting his identity. Plaintiff states that there is no reason to believe that Defendants will be prejudiced by Plaintiff's Motion, as they are

[1] Plaintiff was a minor at the time of the alleged sexual abuse but is currently eighteen years old.

already aware and/or fully capable of becoming aware through discovery or informal disclosures of Plaintiff's identity, nor is there any indication that Defendants will be unable to defend against Plaintiff's claims without using his name. Additionally, Plaintiff concedes that if Defendants are not already aware of his identity, he will share his identity with Defendant's counsel freely.

In applying the factor test established by the Eighth Circuit, the Court finds Plaintiff has demonstrated a need for anonymity that outweighs countervailing interests in full disclosure. When considering the factors that weigh in favor of pseudonymity, there is no indication or argument that Plaintiff is challenging government activity or that he would risk criminal prosecution for the facts admitted in his pleadings. Nor would the use of his name expose him to retaliation, as Plaintiff plans on sharing his identity freely with Defendant's counsel. However, considering this action is based upon alleged sex offenses committed against Plaintiff while he was a mionor, the Court does find that identification would threaten to reveal information of a sensitive and highly personal nature and warrants pseudonymity.

Considering the factors that weigh against pseudonymity, there is no indication that anonymity would pose a unique threat of fundamental unfairness to the Defendant. Additionally, there are no proper alternative mechanisms that could protect the confidentiality of the litigants once Plaintiff's identity is known.[2] However, the public's interest in the case is furthered by the litigants disclosing their identities as the public has a First Amendment interest in public proceedings and their common law right and access thereto that do warrant consideration of having Plaintiff proceed with his actual name.

---

[2] Although mechanisms exists such as filing under seal or a protective order could limit disclosure of information in this case from public view, these avenues would equally go against the public interest in public proceedings. Additionally, they would be less effective in shielding Plaintiff's identity from the personal and sensitive nature of the allegations in a public forum.

On balance, the Court finds that Plaintiff has demonstrated a need for anonymity that outweighs countervailing interests in full disclosure. The Plaintiff has asserted the personal and sensitive nature that comes with allegations of sexual abuse of a minor and district courts in this circuit have shown a willingness to protect the identity of plaintiffs in these types of cases. *See Roe v. St. Louis Univ.*, 2009 WL 910738, at *2 (E.D. Mo. Apr. 2, 2009); *Doe v. Washington Univ.*, 2019 WL 11307648, at *1 (E.D. Mo. Apr. 2, 2019); *Doe v. Roman Catholic Archdiocese of St. Louis*, 2020 WL 251209, at *1 (E.D. Mo. May 15, 2020). Further, while the public does have a First Amendment interest in public proceedings and their common law right and access thereto, it is not so broad that warrants the identity of an individual who allegedly was subjected to sexual abuse as a minor. For the reasons stated, Plaintiff's Motion to Proceed Using Pseudonyms is **GRANTED**.

**CONCLUSION**

For the reasons stated, Plaintiff's Motion to Proceed Using Pseudonyms is **GRANTED**.

**IT IS SO ORDERED.**

Date: July 29, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**